THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE HENRY WHALEY, JR., | : |
| | : CIVIL ACTION NO. 4:22-CV-00987 |
| Plaintiff, | : (JUDGE MARIANI) |
| | : (Magistrate Judge Schwab) |
| v. | : |
| | : |
| COMMONWEALTH OF | : |
| PENNSYLVANIA, et al., | : |
| | : |
| Defendant. | : |

**ORDER**

**AND NOW, THIS 26th DAY OF JUNE 2023,** upon review of Magistrate Judge Susan E. Schwab's Report and Recommendation ("R&R") (Doc. 60) and all relevant documents for clear error or manifest injustice,[1] **IT IS HEREBY ORDERED THAT**:

---

[1] The Court concludes that *de novo* review is not warranted in the circumstances presented here. If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); M.D. Pa. Local Rule 72.3; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). "If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to *de novo* review by the district court." *EEOC v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017). The *de novo* standard applies only to objections which are specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). Following issuance of the R&R, Plaintiff filed a document titled "Answer to Report and Recommendation" (Doc. 62) in which he states that he "objects and denies all of Magistrate Judge Schwab Report and Recommendation" (Doc. 62 at 5). He goes on to object to specific portions of the R&R, in each instance doing so on general grounds, e.g., objecting to "all . . . Background and Procedural History AND REMEDY," "all" pleading and motion to dismiss standards, "all" discussion of immunity, "all" analysis of the liability of Clerk Love, "all" analysis of statutes with no personal cause of action and personal involvement, "all" supplemental jurisdiction analysis, and "all" recommendations. (*Id.* at 10,12, 14, 14, 16.) Plaintiff's objections lack the specificity required by *Goney*. Therefore, Plaintiff has failed to provide any basis for the Court to conduct *de novo* review of any portion of the R&R. If the Court were to assume *arguendo* that Defendant's objections met the requisite *de novo* review standard, the objections would be overruled on substantive grounds for the various reasons set forth at length in Magistrate Judge Schwab's R&R.

1. The R&R (Doc. 60) is **ADOPTED** for the reasons set forth therein.

2. Commonwealth of Pennsylvania's Motion to Dismiss the Amended Complaint (Doc. 18) is **GRANTED**.

3. Motion to Dismiss Plaintiff's Complaint Submitted on Behalf of Magisterial District Judge Keith G. Kibler, Magisterial District Judge Frank P. Mills, President Judge Craig P. Miller and Senior Judge Richard Lewis (Doc. 37) is **GRANTED**.

4. Motion to Dismiss filed on Behalf if Defendants, Clinton County and Cynthia Love (Doc. 41) is **GRANTED**.

5. All claims against Defendants Commonwealth of Pennsylvania, Magisterial District Judge Keith G. Kibler, Magisterial District Judge Frank P. Mills, President Judge Craig P. Miller, Senior Judge Richard Lewis, Clinton County, and Cynthia Love are **DISMISSED WITH PREJUDICE**.

6. All claims against remaining Defendants, Police Officer Bryan Green, District Attorney Dave Strouse, and Chief Kristen Smith are **DISMISSED WITHOUT PREJUDICE** for failure to serve these Defendants.[2]

---

[2] The R&R recommends dismissing claims against these Defendants without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve, noting that the R&R provides notice to Plaintiff that Green, Strouse, and Smith have not been properly served. (Doc. 60 at 4-5 nn.3-5, 46.)

7. Plaintiff's motions for summary judgment (Docs. 21, 22, 50) are **DEEMED MOOT**.[3]

8. Plaintiff's Motion for Award (Doc. 46) is **DEEMED MOOT**.

9. Plaintiff's Motion to Act on Constitutional Amendments Against Foreign Agents (Doc. 47) is **DEEMED MOOT**.

10. Plaintiff's Motion to be Heard (Doc. 48) is **DEEMED MOOT**.

11. Plaintiff's Motion for Award (Doc. 51) is **DEEMED MOOT**.

12. Plaintiff's Motion for Judge to Rule on Claimant's Objections and Motions (Doc. 52) is **DEEMED MOOT**.

13. Plaintiff's Motion to Act on Constitutional Amendments Against Foreign Agents (Doc. 53) is **DEEMED MOOT**.

14. Plaintiff's Motion for Discovery (Doc. 58) is **DEEMED MOOT**.

15. Plaintiff's Motion to Compel (Doc. 61) is **DEEMED MOOT**.

16. Plaintiff's Motion to Dismiss (Doc. 67) is **DEEMED MOOT**.

17. The Clerk of Court is directed to **CLOSE THIS CASE**

_____
Robert D. Mariani
United States District Judge

---

[3] Alternatively, Plaintiff's motions for summary judgment (Docs. 21, 22, 50) are deemed withdrawn pursuant to Local Rule 7.5 of the Local Rules of Court for the Middle District of Pennsylvania for failure to file a supporting brief within the time provided in the rule.